UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KONINEDOU FONTA WALKER                                                                PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:12CV301-HSO-RHW

FFVA MUTUAL INSURANCE COMPANY et al                                             DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court are Plaintiff Koninedou Fonta Walker's [28] Motion for Entry of Default Judgment against James B. Donaghey, Inc. (Donaghey); Defendant Donaghey's [31] Motion to Set Aside Entry of Default; Plaintiff's [51] Motion to Strike Donaghey's [31] Motion to Set Aside Default; and Plaintiff's [58] Motion for Entry of Default against Donaghey.  Prior to filing the instant lawsuit, Plaintiff concluded proceedings against his employer, Donaghey, and its insurance carrier, FFVA Mutual Insurance Company (FFVA), regarding a workers' compensation claim.  These proceedings were conducted before the Mississippi Workers' Compensation Commission (Commission).  Walker then filed the instant complaint on October 4, 2012, alleging that Donaghey was liable for disability benefits resulting from the same matter concluded before the Commission.  Walker also alleged negligence and bad faith.  He has named several defendants in the lawsuit, including Donaghey and FFVA.

The Court issued [10] summons to Donaghey's registered agent on February 6, 2013.  On March 6, 2013, the summons was returned as executed.  *See* doc. [14].  On May 28, 2013, Walker filed a motion for entry of default against Donaghey.  Doc. [18].  The clerk's entry of default was entered on that same day.  Doc. [19].  On July 10, 2013, despite the prior entry of default, Walker filed another motion for entry of default against Donaghey.  Doc. [28].  FFVA and Donaghey then filed an answer to the complaint on July 18, 2013.  Doc. [30].  Also on July

18, 2013, Donaghey filed its [31] motion to set aside the entry of default.  Walker responded with a [51] motion to strike Donaghey's [31] motion to set aside.  Inexplicably, Walker filed yet another motion for entry of default against Donaghey on October 8, 2013.  Doc. [58].

## Law and Analysis

Fed. R. Civ. P 55(c) provides that "[t]he court may set aside an entry of default for good cause".  To determine whether good cause exists, the court considers:  (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented.  *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

Regarding the first factor, there is no indication in the record that Donaghey was willful in its default.  Donaghey contends that it was under the impression that the complaint its registered agent received in March was a continuation of the previous matter involving FFVA before the Commission.  FFVA was also named as a Defendant in the instant lawsuit and FFVA had obtained counsel to defend Donaghey in the workers' compensation action.  FFVA did not receive a copy of the summons and complaint until July 8, 2013, more than a month after default was entered against Donaghey.  As soon as FFVA became involved in the lawsuit, Donaghey recognized that it needed to file a response.  Accordingly, on July 18, 2013, Donaghey and FFVA filed their answer to Walker's complaint.

Regarding the second factor, setting aside the entry of default would not prejudice Walker's case.  There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case.  "Thus, mere delay does not alone constitute prejudice.  Rather, 'the plaintiff must show that the delay will result in the loss of

2

evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)(quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).  There is no indication that Plaintiff has suffered any prejudice as defined by the Fifth Circuit in *Lacy*.  To the contrary, this case remains in its preliminary stages.  There has been no scheduling order or any discovery conducted.  Donaghey filed its motion to set aside the default prior to any other Defendants making appearances in the case.

As to the third factor, the primary concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.  *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008).  Donaghey has asserted defenses as to all of the claims raised in Plaintiff's complaint.  With respect to the workers' compensation benefits, Donaghey argues that this Court lacks subject-matter jurisdiction because the Commission has exclusive jurisdiction over the matter.  In response to Plaintiff's negligence claim, Donaghey argues that there is no cause of action for negligence against an employer or insurance carrier with respect to workers' compensation.  In response to Plaintiff's bad faith claim, Donaghey argues that Plaintiff has failed to exhaust his administrative remedies before the Commission.  Finally, Donaghey argues that Plaintiff settled his workers' compensation claims and executed a release as to any further claims against Donaghey.  Accordingly, Donaghey asserts that it has meritorious defenses to each claim.

Based on an evaluation of the three factors, the undersigned finds that Donaghey has demonstrated good cause for setting aside the clerk's entry of default pursuant to Rule 55(c)  Plaintiff's later-filed motions for entry of default should be denied because Donaghey has now filed an answer to the complaint.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's [28, 58] Motions for Entry of Default be DENIED, that Donaghey's [31] Motion to Set Aside the Entry of Default be GRANTED, and that Plaintiff's [51] Motion to Strike be DENIED.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 6th day of November, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE