IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KONINEDOU FONTA WALKER | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:12cv301-HSO-RHW |
| | § | |
| FFVA MUTUAL INSURANCE | § | DEFENDANTS |
| COMPANY, JAMES B. DONAGHEY, | § | |
| INC., STATE FARM INSURANCE | § | |
| COMPANY, QBE INSURANCE | § | |
| COMPANY, AND BRADLEY | § | |
| SANDERS | § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTION AND
ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

BEFORE THE COURT is Plaintiff Koninedou Fonta Walker's Objection [68] to three Proposed Findings of Fact and Recommendations [63] [65] and [66] of United States Magistrate Judge Robert H. Walker entered on November 6, 2013. Defendants FFVA Mutual Insurance Company, James B. Donaghey, Inc., State Farm Insurance Company, QBE Insurance Company, and Bradley Sanders did not respond to the Objection. Having considered the Objection, the Proposed Findings of Fact and Recommendations, and relevant legal authorities, the Court concludes that the Objection should be overruled, and the Magistrate Judge's Proposed Findings of Fact and Recommendations [63] [65] and [66] should be adopted as the opinions of the Court.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2012, Plaintiff Koninedu Fonta Walker ("Plaintiff") sued FFVA Mutual Insurance Company ("FFVA"), James B. Donaghey, Inc. ("Donaghey"), State

Farm Insurance Company, QBE Insurance Company, and Bradley Sanders ("Sanders") asserting that he suffered work-related injuries while employed by Donaghey.  Compl. 4-7 [1].  Donaghey was served on February 13, 2013 [14], but did not timely respond to the Complaint.  On April 2, 2013, Plaintiff filed a Motion for Summary Judgment [16] as to all Defendants.  On May 28, 2013, Plaintiff filed a Motion for Entry of Default [18] as to Donaghey, and the clerk entered a default.[1]

On July 18, 2013, FFVA waived service [29] and answered the Complaint [30] on behalf of FFVA and Donaghey.  That same date, Donaghey filed a Motion to Set Aside Default [31], which Plaintiff moved to strike on September 16, 2013 [51].  Sanders was served on July 23, 2013 [47], and timely moved to dismiss the Complaint on August 6, 2013 [39], but Plaintiff filed a Motion for Entry of Default [44] as to Sanders on August 19, 2013.

On November 6, 2013, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment [16] be denied as premature.  Proposed Findings of Fact and Recommendation [63].  The Magistrate Judge also recommended that Plaintiff's Motion for Entry of Default as to Sanders [44] be denied because Sanders timely sought dismissal of the Complaint.  Proposed Findings of Fact and Recommendation [65].  While Plaintiff identifies these two Proposed Findings of Fact and Recommendations as being the subject of his Objection, Plaintiff failed to address either of them in his Objection.

---

[1] Although Plaintiff moved for entry of default as to Donaghey on July 10, 2013 [28] and October 8, 2013 [58], the Court's resolution of Plaintiff's Objection obviates the need to address these Motions.

2

Also on November 6, 2013, the Magistrate Judge issued a recommendation that Donaghey's Motion to Set Aside Default [31] be granted, that Plaintiff's Motion to Strike [51] Donaghey's Motion to Set Aside Default be denied, and that Plaintiff's additional Motions for Entry of Default as to Donaghey [28] [58] be denied. Proposed Findings of Fact and Recommendation [65].  The Magistrate Judge concluded that Donaghey did not act willfully in failing to timely respond, Plaintiff would not be prejudiced if the default was set aside, and Donaghey had a meritorious defense stemming from a release executed by Plaintiff.  *Id*. at 2-4.

Plaintiff objects contending that he would suffer prejudice if the default as to Donaghey were set aside. Plaintiff posits that he has lost evidence and "some method of approach," Donaghey failed to follow the procedural rules, and Plaintiff asked for a default judgment but was not provided one.  Objection [68].  Plaintiff asserts Donaghey's failure to timely respond further prejudiced Plaintiff because he was transferred to a different correctional facility and has lost "good legal aid."  *Id*.

The Court finds that the Proposed Findings of Fact and Recommendations are well reasoned, correctly find the applicable facts, and correctly apply the governing legal standards.  As discussed below, the Court overrules Plaintiff's Objection and adopts each Proposed Findings of Fact and Recommendation as the Court's opinion.  Plaintiff's Motion for Summary Judgment [16] will be denied, Plaintiff's Motion for Entry of Default [44] as to Bradley Sanders will be denied, and Plaintiff's additional Motions for Entry of Default [28] [58] as to Donaghey will be

denied. Plaintiff's Motion to Strike [51] Donaghey's Motion to Set Aside Default will be denied, and Donaghey's Motion to Set Aside Default [31] will be granted.

## II. DISCUSSION

A. Standard of Review

Because objections have been filed to the Magistrate Judge's Proposed Findings of Fact and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

B. Analysis

    1. Motion for Summary Judgment [16]

The Magistrate Judge's recommendation [63] that Plaintiff's Motion for Summary Judgment [16] be denied as premature was based on the finding that the Motion was filed prior to the entry of a scheduling order or the completion of any discovery. Although Plaintiff states that he is objecting to this recommendation, Plaintiff's Objection itself wholly fails to address the Magistrate Judge's

4

recommendation, and this Court need not consider such a generalized objection. *See Battle*, 834 F.2d at 421. The Court therefore finds that Plaintiff's Objection [68] to the Magistrate Judge's Proposed Findings and of Fact and Recommendation [63] recommending denial of Plaintiff's Motion for Summary Judgment [16] is not well taken and should be overruled.

      2.    <u>Motion for Entry of Default [44] as to Bradley Sanders</u>

The Magistrate Judge correctly recommended denial of Plaintiff's Motion for Entry of Default [44] as to Bradley Sanders. Proposed Findings of Fact and Recommendation [66]. Sanders responded to Plaintiff's Complaint by moving to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and he did so within the 21 day period in which he was allowed to file a response. Fed. R. Civ. P. 12(a)(1)(A)(i). The Court finds that Plaintiff's Objection [68] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [66] is not well taken and should be overruled.

      3.    <u>Motion to Set Aside Default Judgment [31] as to Donaghey</u>

Plaintiff's sole basis for objecting to the Magistrate Judge's recommendation that Donaghey's Motion to Set Aside Default Judgment [31] be granted is that Plaintiff will suffer prejudice if Donaghey has the chance to litigate Plaintiff's claims on the merits. Plaintiff ignores the Magistrate Judge's conclusion that Donaghey did not act willfully and that Donaghey had a meritorious defense.

The Court is of the opinion that Plaintiff has not demonstrated he will suffer prejudice which would prevent setting aside the entry of default as to Donaghey.

Delay alone will not support a claim of prejudice, and Plaintiff must show that "delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)) (internal marks omitted). Plaintiff's assertions that he has "los[t] evidence and some method of approach to present to Court" [*sic*] and suffered a "loss of legal approach" are conclusory and do not establish prejudice justifying a refusal to set aside the default as to Donaghey. *See Battle*, 834 F.2d at 421. That Donaghey's response was untimely does not necessitate denial of Donaghey's Motion because "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal marks and citation omitted). The Court therefore finds that Plaintiff's Objection [68] to the Magistrate Judge's Proposed Findings and of Fact and Recommendation [65] recommending that the entry of default as to Donaghey be set aside is not well taken or supported by the record and should be overruled.

## III. CONCLUSION

After a thorough review and consideration of the Parties' submissions, the Proposed Findings and of Fact and Recommendations [63] [65] and [66], Plaintiff's Objection [68], and the record as a whole, the Court finds that Plaintiff's Objection [68] is not well taken or supported by the record and should be overruled. The Court concludes that the Magistrate Judge's Proposed Findings and of Fact and Recommendations [63] [65] and [66] should be adopted as the opinions of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Objection [68] to the Proposed Findings and of Fact and Recommendations [63] [65] and [66] entered on November 6, 2013, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Proposed Findings and of Fact and Recommendations [63] [65] and [66] of United States Magistrate Judge Robert H. Walker entered on November 6, 2013, are adopted as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [16] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment [44] as to Bradley Sanders is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Donaghey's Motion to Set Aside Default [31] is **GRANTED**, and the Clerk's Entry of Default [19] is set aside.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Donaghey's Motion to Set Aside Default [51] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motions for Entry of Default [28] [58] as to Donaghey are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of December, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE