UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KONINEDOU FONTA WALKER                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:12CV301-HSO-RHW

FFVA MUTUAL INSURANCE COMPANY et al                                                DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court are the following motions: (1) [33] Motion to Dismiss filed by Defendants FFVA Mutual Insurance Company (FFVA) and James B. Donaghey, Inc. (Donaghey); [36] Motion for Partial Summary Judgment filed by Plaintiff Koninedou Fonta Walker; and [39] Motion to Dismiss filed by Defendant Bradley Sanders.

In his complaint, Plaintiff alleges that on February 26, 2010, while employed by Donaghey, he was involved in a motor vehicle accident that occurred during and in the scope of his employment. Plaintiff was a passenger in a truck owned by Donaghey when a Toyota Camry driven by Faye Montell rear-ended the Donaghey truck. Plaintiff alleges that the accident was caused by a stuck gas pedal on the Camry driven by Montell. Plaintiff further alleges that he sustained injuries to his neck, shoulder, right ring finger, left upper extremity, and body as a whole as a result of the motor vehicle accident. Plaintiff also alleges that at some point after the accident he began receiving treatment for bipolar disorder and major depression. Plaintiff contends that he is entitled to workers' compensation benefits from Donaghey and FFVA.

Plaintiff filed a workers' compensation claim against Donaghey and FFVA, its workers' compensation carrier. *See* doc. [33-1] at 4-20. Plaintiff settled his claim for a lump sum payment of $3,000.00 on a 9(i) continued denial basis. *Id.* at 4-14. He also signed an agreement

releasing all claims against Donaghey, FFVA, or any company in privity of interest with them. *Id.* at 15-18.  On April 24, 2012, the Mississippi Workers' Compensation Commission approved the settlement.  *Id.* at 11-14.   On October 4, 2012, Plaintiff filed the instant lawsuit naming as defendants Donaghey, FFVA, QBE, Bradley Sanders (an officer of Donaghey), and State Farm.

### Standard of Review

Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's complaint fails to state a claim upon which relief may be granted.  When considering a motion to dismiss for failure to state a claim, the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

### FFVA & Donaghey's [33] Motion to Dismiss

FFVA and Donaghey argue that Plaintiff's claims against them should be dismissed because Plaintiff settled his workers' compensation claim, which was then approved by the Mississippi Workers' Compensation Commission (Commission).  He has been paid under the terms of the settlement.  *See* doc. [36-1] at 1 (Notice of Final Payment).  Defendants contend that this Court lacks jurisdiction over Plaintiff's claims of bad faith, negligence, and his request for additional workers' compensation benefits.  Plaintiff does not dispute that he entered into a settlement agreement regarding his workers' compensation benefits.  To the contrary, in his motion for partial summary judgment, Plaintiff concedes that he settled his workers' compensation claim and received payment from Defendants;  however, he now asserts that he

was not competent to enter into the settlement agreement. *See* doc. [36].

The Mississippi Workers' Compensation Act provides the exclusive remedy for workers' compensation claims. *See* Miss. Code Ann. § 71-3-9; *Dial v. Hartford Accident & Indemnity Co.*, 863 F.2d 15, 16 (5th Cir. 1989). Pursuant to the Act, the Commission has exclusive jurisdiction to determine an employee's right to compensation. *Powers v. Travelers' Ins. Co.*, 664 F.Supp. 252, 255 (S.D. Miss. 1987).

To the extent that Plaintiff alleges FFVA and Donaghey were negligent in handling his workers' compensation claim, such a claim is barred. *See Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 481 (5th Cir. 2003)(holding that Miss. Code Ann. § 71-3-9 bars common law tort claim action against employer's insurance carrier based on negligent failure to pay benefits); *Taylor v. United States Fidelity & Guaranty Co.*, 420 So. 2d 564, 565-66 (Miss. 1982). Furthermore, Plaintiff's bad faith claim is barred because Plaintiff has not established that he is entitled to disputed benefits. *See Whitehead*, 348 F.3d at 481-82; *Bullock v. AIU Ins. Co.*, 995 So.2d 717, 723 (Miss. 2008); *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001). Specifically, Plaintiff's complaint fails to allege that benefits were due and owing to him as determined by the Commission. To the contrary, as exhibited by the documents provided with the pleadings, Plaintiff's underlying workers' compensation claim was settled between the parties as part of a 9(i) continued denial basis. *See* doc. [33] at 4-20. Plaintiff agreed to the settlement and signed a release. *Id.*

Plaintiff's lawsuit against Donaghey and FFVA merely seeks additional workers' compensation benefits above and beyond those already provided through the settlement agreement. In his complaint and other pleadings, Plaintiff fails to identify any valid basis for

3

ignoring the 9(i) settlement or allowing Plaintiff to pursue workers' compensation benefits through a forum other than the Mississippi Workers' Compensation Commission. Accordingly, the undersigned finds that Plaintiff has failed to state a cause of action against FFVA and Donaghey.

### Plaintiff's [36] Motion for Partial Summary Judgment

In his motion for partial summary judgment, Plaintiff re-argues the factual basis of his claim; re-asserts that he is entitled to workers' compensation benefits; and argues that he was incompetent at the time he entered into the workers' compensation settlement. The undersigned concludes that Plaintiff's motion should be denied. The issues regarding his workers' compensation claim have been discussed thoroughly with reference to FFVA's motion to dismiss. However, the issue of Plaintiff's competence to enter into the 9(i) settlement is raised for the first time in his motion for partial summary judgment. In support of this entirely new claim, Plaintiff points to the decision of an Administrative Law Judge from the Social Security Administration who, on February 10, 2012, found that Plaintiff was totally disabled in part because of bipolar disorder and schizophrenia. *See* doc. [58-1] at 4-10.

To the extent that Plaintiff seeks reconsideration or reopening of his workers' compensation settlement based on alleged mental incompetence, such remedy should have been pursued before the Commission. Under Mississippi law, an injured worker is required to exhaust administrative remedies with the Commission before bringing a court action. *See Whitehead*, 348 F.3d at 481-82; *Dial*, 863 F.2d at 16; *Powers v. Travelers' Ins. Co.*, 664 F.Supp. 252, 255 (S.D. Miss. 1987). The Commission sits as the ultimate finder of facts in deciding compensation cases. *See J.R. Logging v. Halford*, 765 So. 2d 580, 583 (Miss. Ct. App. 2000). The

4

Commission has continuing jurisdiction to reopen or reinstate claims pursuant to Miss. Code Ann. § 71-3-53. *Id.* at 584-85. This authority extends to 9(i) settlements such as the one at issue in this case. *See Metal Trims Industries v. Stovall*, 562 So. 2d 1293, 1295-97 (Miss. 1990); *Bailey Lumber Co. v. Mason*, 401 So. 2d 696, 707-08 (Miss. 1981).

There is no indication from Plaintiff that he challenged his competency or sought to reopen the case before the Workers' Compensation Commission. As such, he has not pursued administrative remedies with respect to the issue of his competence to enter into the settlement. The issue of Plaintiff's competence was known to him at least since February of 2012, when the ALJ found him disabled in part based on his mental condition. Nevertheless, two months later, in April of 2012, Plaintiff executed a settlement agreement with FFVA and Donaghey settling his workers' compensation claims. The Commission then approved the settlement as being in Plaintiff's best interests. Plaintiff has presented no basis for this Court to exercise jurisdiction or to undo the final settlement approved by the Commission.

### Sanders' [39] Motion to Dismiss

Defendant Bradley Sanders argues that the claims against him should be dismissed because Plaintiff's complaint fails to identify any wrongdoing on Sanders' part. To the extent that Plaintiff names Sanders merely because he is a corporate officer, the claim is without merit. *See Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993); *Estate of Hazleton ex. rel Hester v. Cain*, 950 So. 2d 231, 236 (Miss. Ct. App. 2007). Absent some direct personal involvement by Sanders in the decision or action that is causally related to Plaintiff's injury, Sanders has no personal liability. *Id.* Plaintiff's complaint is entirely devoid of any allegation of individual wrongdoing on the part of Sanders. In a pleading filed on January 17, 2013, Plaintiff alleges that

5

Sanders hired Plaintiff and that Sanders' company owned the truck involved in the accident that injured Plaintiff. *See* doc. [7]. Although this later pleading makes specific factual allegations relating to Sanders, it does not allege any wrongdoing on Sanders' part. Accordingly, the undersigned finds that Plaintiff has failed to state a cause of action against Sanders.

## RECOMMENDATION

The undersigned recommends that FFVA & Donaghey's [33] Motion to Dismiss be GRANTED, that Plaintiff's [39] Motion for Partial Summary Judgment be DENIED, and that Sanders' [39] Motion to Dismiss be GRANTED. The undersigned further recommends that Plaintiff's claims against Defendants FFVA, Donaghey, and Sanders be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 23rd day of December, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE