UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KONINEDOU FONTA WALKER                                             PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:12CV301-HSO-RHW

FFVA MUTUAL INSURANCE COMPANY et al                         DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Defendant QBE Insurance Company's (QBE) [49] Motion to Dismiss and Plaintiff Koninedou Fonta Walker's[56] Motion for Declaratory Judgment against QBE. In his complaint, Plaintiff alleges that on February 26, 2010, while employed by Donaghey, he was involved in a motor vehicle accident that occurred during and in the scope of his employment. Plaintiff was a passenger in a truck owned by Donaghey when a Toyota Camry driven by Faye Montell rear-ended the Donaghey truck. Plaintiff alleges that the accident was caused by a stuck gas pedal on the Camry driven by Montell. According to Plaintiff, the car driven by Montell was insured by Defendant State Farm Insurance Company. QBE was Donaghey's liability insurance carrier. Plaintiff alleges that he sustained injuries to his neck, shoulder, right ring finger, left upper extremity, and body as a whole as a result of the motor vehicle accident.

On October 4, 2012, Plaintiff filed the instant lawsuit naming as defendants Donaghey, FFVA, QBE, Bradley Sanders (an officer of Donaghey), and State Farm. As of the date of this order, State Farm has not been served with process or made an entry of appearance. The other Defendants have all filed motions to dismiss. The undersigned discussed the other Defendants' motions to dismiss in a separate order.

Defendant QBE filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing

that Plaintiff's complaint fails to state a claim upon which relief may be granted.  When considering a motion to dismiss for failure to state a claim, the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

Plaintiff alleges in his complaint that QBE should have paid benefits to Plaintiff under the liability policy it issued to Donaghey because of injuries sustained in the motor vehicle accident.  In his prayer for relief, he seeks "full policy limits" from QBE.  *See* doc. [1] at 6-7.  In its motion to dismiss, QBE argues that Plaintiff cannot bring a direct action against it because Plaintiff has not alleged that he made a claim against QBE or that QBE denied such claim.  QBE further argues that Plaintiff's complaint does not seek declaratory relief.

Mississippi law prohibits direct actions by third parties against insurance companies, except where the third party brings a declaratory action against an insurer who has denied coverage.  *See* Miss. R. Civ. P. 57(2); *See Miss. Municipal Liability Plan v. Jordan*, 863 So. 2d 934, 941-42 (Miss. 2003); *Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964, 967-68 (Miss. 2003).  A direct action against an insurer such as QBE may not proceed if the insurer has not denied coverage.  *Id.*

In his complaint, Plaintiff cites to a QBE "claim number" and states that QBE "have [sic] yet to award funds from policy to complaint in this claim of injuries."  Doc. 1 at 6 (¶ 11).  In his prayer for relief, he seeks "full policy limits" from QBE.  *Id.* at 7.  Furthermore, in response to the motion to dismiss, Plaintiff attaches a letter from attorney David Pitre dated June 1, 2012,

and addressed to QBE. Doc. [53-3] at 1. In the letter, Pitre advises QBE that he represents Walker in his claim for injuries resulting from the automobile accident of February 26, 2010. *Id.* Plaintiff further asserts that he "made a claim for pain and suffering, June 1, 2012", and alleges that his employer carried uninsured motorist insurance on the truck in which Plaintiff was a passenger. Doc. [53] at 1.

      Liberally construed, Plaintiff's complaint and other pleadings state a cause of action sufficient to withstand a Rule 12(b)(6) motion to dismiss. Specifically, he alleges that a claim for pain and suffering has been made against QBE. Moreover, he also alleges that QBE has yet to award funds from the policy on his claim for injuries. At one point, Plaintiff retained counsel to pursue a possible claim against QBE. For its part, QBE has not presented any evidence, through affidavit or otherwise, to establish that there has been no denial of coverage. Accordingly, the undersigned finds that Plaintiff's complaint sufficiently alleges a direct cause of action for declaratory relief against QBE. The undersigned recommends that the motion to dismiss should be denied to allow further development of the record regarding coverage issues.

## RECOMMENDATION

      The undersigned recommends that QBE's [49] Motion to Dismiss be DENIED and that Plaintiff's [56] Motion for Declaratory Judgment be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

      Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made;

the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 23rd day of December, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE