IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KONINEDOU FONTA WALKER | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:12cv301-HSO-RHW |
| | § | |
| FFVA MUTUAL INSURANCE | § | DEFENDANTS |
| COMPANY, JAMES B. DONAGHEY, | § | |
| INC., STATE FARM INSURANCE | § | |
| COMPANY, QBE INSURANCE | § | |
| COMPANY, AND BRADLEY | § | |
| SANDERS | § | |

**ORDER ADOPTING PROPOSED FINDINGS OF FACT AND
RECOMMENDATION AND GRANTING DEFENDANT FFVA MUTUAL
INSURANCE COMPANY AND DEFENDANT JAMES B. DONAGHEY'S MOTION
TO DISMISS, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT, AND GRANTING DEFENDANT BRADLEY SANDERS'
MOTION TO DISMISS**

BEFORE THE COURT is Plaintiff Koninedou Fonta Walker's Objection [79]

to the Proposed Findings of Fact and Recommendation [75] of United States

Magistrate Judge Robert H. Walker entered on December 23, 2013.  Defendants

FFVA Mutual Insurance Company, James B. Donaghey, Inc., and Bradley Sanders

did not respond to the Objection. Having considered the Objection, the Proposed

Findings of Fact and Recommendation, and relevant legal authorities, the Court

concludes that the Objection should be overruled, and the Proposed Findings of Fact

and Recommendation [75] should be adopted as the opinion of the Court.  The

Motions to Dismiss [33] [39] filed by FFVA Mutual Insurance Company, James B.

Donaghey, Inc., and Bradley Sanders should be granted, and Plaintiff's Motion for

Partial Summary Judgment [36] should be denied.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2012, Plaintiff Koninedu Fonta Walker ("Plaintiff") sued his former employer, James B. Donaghey, Inc. ("Donaghey"), FFVA Mutual Insurance Company ("FFVA"), State Farm Insurance Company, QBE Insurance Company, and Bradley Sanders ("Sanders") asserting that he suffered work-related injuries while employed by Donaghey.  Compl. 4-7 [1].  FFVA and Donaghey filed a Motion to Dismiss [33] on July 21, 2013, arguing that Plaintiff's claims against them should be dismissed because Plaintiff settled his workers' compensation claim against them,[1] the settlement was approved by the Mississippi Workers' Compensation Commission ("the Commission"), and Plaintiff has been fully paid under the terms of the settlement.  Mot. to Dismiss 9 [33].  On July 29, 2013, Plaintiff filed a Motion for Partial Summary Judgment [36] contending that he was incompetent at the time he entered into the settlement agreement related to his workers' compensation claim.  Request for Partial Summ. J. 2-3 [36].  Sanders filed a Motion to Dismiss [39] on August 6, 2013, seeking his dismissal on grounds that Plaintiff has not made any allegations as to Sanders and Plaintiff's sole basis for suing Sanders is his status as a corporate officer for Donaghey at the time Plaintiff alleges he was injured.  Mem. of Law in Support of Mot. to Dismiss 2-4 [40].

The Magistrate Judge concluded FFVA and Donaghey's Motion to Dismiss should be granted because Plaintiff seeks nothing more than additional workers' compensation benefits beyond the benefits already awarded and paid to Plaintiff

---

[1] FFVA was Donaghey's workers' compensation insurer at the time of Plaintiff's work-related injury. Mot. to Dismiss 1 [33].

2

pursuant to the settlement agreement. Proposed Findings of Fact and Recommendation 3 [75]. The Magistrate Judge determined that Plaintiff's Motion for Partial Summary Judgment should be denied because Plaintiff has not exhausted his administrative remedies with the Commission. *Id.* at 4-5. The Magistrate Judge also concluded that Sanders' Motion to Dismiss should be granted because the Complaint does not allege any wrongdoing on Sanders' part. *Id.* at 5-6.

Plaintiff objects and contends that "Rule 57(b)" allows him to seek a declaratory judgment establishing insurance coverage over his alleged injuries. Objections to R&R 1 [79]. Plaintiff argues "[d]eclaratory judgment should not be denied but granted." *Id.* Plaintiff further objects to granting FFVA and Donaghey's Motion to Dismiss because, according to Plaintiff, the Court failed to "hear" Plaintiff's cruel and unusual punishment claim. *Id.* Plaintiff maintains that he was incompetent at the hearing held on his workers' compensation settlement, and that this incompetency was "ignored and disregarded" such that his Motion for Partial Summary Judgment should not be denied. *Id.* at 1-2. In conclusory fashion, Plaintiff objects to the Magistrate Judge's determination that workers' compensation is the only remedy available to Plaintiff. Plaintiff also claims he was told by the Court to sue Sanders, and he objects to the recommendation that he failed to state a claim against FFVA. *Id.* at 2.

The Court has closely reviewed the Magistrate Judge's Proposed Findings of Fact and Recommendation, Plaintiff's Objection, and the record, and concludes that Plaintiff's Objection should be overruled. The Court will adopt the Proposed

3

Findings of Fact and Recommendation as the Court's opinion. FFVA and

Donaghey's Motion to Dismiss should be granted, Plaintiff's Motion for Partial

Summary Judgment should be denied, and Sanders' Motion to Dismiss should be

granted, all for the reasons set forth in the Proposed Findings of Fact and

Recommendation.

## II.    DISCUSSION

### A.    Standard of Review

Because objections have been filed to the Magistrate Judge's Proposed

Findings of Fact and Recommendation, this Court is required to "make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also*

*Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a

de novo review by an Article III Judge as to those issues to which an objection is

made"). The Court is not required, however, to reiterate the findings and

conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th

Cir. 1993). The Court also need not consider objections which are frivolous,

conclusive, or general in nature. *Battle v. United States Parole Commission*, 834

F.2d 419, 421 (5th Cir. 1997).

### B.    Analysis

#### 1.    FFVA and Donaghey's Motion to Dismiss [33]

The Magistrate Judge concluded that FFVA and Donaghey's Motion to

Dismiss should be granted. The Court agrees. Plaintiff's claims against Donaghey

and FFVA seek additional workers' compensation benefits based on Plaintiff's

alleged incompetency at the time he executed the settlement agreement resolving

his workers' compensation claims against FFVA and Donaghey.  Plaintiff asserts

that these Defendants were negligent in handling his claim, that they acted in bad

faith, and that they subjected him to cruel and unusual punishment.  Compl. 6 [1].

In his Objection, Plaintiff argues that the Magistrate Judge ignored Plaintiff's cruel

and unusual punishment claim.[2]  However, Plaintiff's purported "cruel and unusual

punishment claim" is without merit.  "The cruel and unusual punishment clause of

the Eighth Amendment applies only in criminal actions, following a conviction."

*Palermo v. Rorex*, 806 F.2d 1266, 1271 (5th Cir. 1987) (citing *Ingraham v. Wright*,

430 U.S. 651, 667 (1977)).   The Court concludes that Plaintiff's Objection to the

Magistrate Judge's recommendation that FFVA and Donaghey's Motion to Dismiss

be granted is not well taken and should be overruled.

> 2.      Plaintiff's Motion for Partial Summary Judgment [36]

The Magistrate Judge was correct in concluding that Plaintiff's Motion for

Partial Summary Judgment should be denied.  Plaintiff's Motion is essentially a

challenge to the validity of the settlement agreement he entered to resolve his

workers' compensation claim, and which was presented to and approved by the

Commission.  Plaintiff neither alleges facts nor points to evidence in the record

indicating that he sought reconsideration by the Commission of the settlement

agreement in light of his alleged incompetency.

---

[2] Plaintiff also states that he "object[ed] that he failed to state a claim against FFVA . . . ."
Objections to R&R 2.  The Court need not consider this broad, general objection lacking any
specificity. *Battle*, 834 F.2d at 421.

Under Mississippi law, the statutory workers' compensation scheme is the exclusive remedy for Plaintiff's claim to additional benefits. *See Hurdle v. Holloway*, 848 So. 2d 183, 185 (Miss. 2003) (noting Mississippi's workers' compensation act "is the exclusive remedy for an employee injured while acting in the scope and course of his employment") (citing Miss. Code Ann. § 71-3-9). Plaintiff's attempt to obtain additional compensation benefits through this action is a request he must make before the Commission rather than this Court. *See Powers v. Travelers Ins. Co.*, 664 F. Supp. 252, 255 (S.D. Miss. 1987) ("The . . . Commission has exclusive jurisdiction to determine the right to compensation."). The Court finds that Plaintiff's Objection to the Magistrate Judge's recommendation that Plaintiff's Motion for Partial Summary Judgment [36] be denied is not well taken and should be overruled.

3.    Sanders' Motion to Dismiss [39]

The Magistrate Judge correctly concluded that Sanders' Motion to Dismiss should be granted. Plaintiff's Complaint does not allege Sanders contributed to his purported injuries in any way, and it is apparent that Plaintiff includes Sanders in the Complaint based upon Sanders' status as a corporate officer of Donaghey. Because Plaintiff does not allege Sanders directly participated in or authorized the conduct causing Plaintiff's alleged injuries, Plaintiff has failed to state a claim against Sanders. *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993) ("[I]ndividual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual

6

wrongdoing."); *Mississippi Printing Co., Inc. v. Maris, W. & Baker, Inc.*, 492 So. 2d 977, 978 (Miss. 1986) ("[T]he general rule is well established that when a corporate officer directly participates in or authorizes the commission of a tort, even on behalf of the corporation, he may be held personally liable.").  The Court finds that Plaintiff's Objection to the Magistrate Judge's Proposed Findings of Fact and Recommendation related to Sanders' Motion to Dismiss is not well taken and should be overruled.

### III.   CONCLUSION

After a thorough review and consideration of the Proposed Findings of Fact and Recommendation [75], Plaintiff's Objection [79], and the record as a whole, the Court finds that Plaintiff's Objection is not well taken or supported by the record and should be overruled. The Court concludes that the Magistrate Judge's Proposed Findings and of Fact and Recommendation [75] should be adopted as the opinion of the Court.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Plaintiff's Objection [79] to the Magistrate Judge's Proposed Findings and of Fact and Recommendation [75] entered on December 23, 2013, is **OVERRULED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that the Proposed Findings and of Fact and Recommendation [75] of United States Magistrate Judge Robert H. Walker entered on November 6, 2013, is adopted as the finding of this Court

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that FFVA and Donaghey's Motion to Dismiss [33] filed on July 21, 2013, is **GRANTED**, and Plaintiff's claims against FFVA and Donaghey are dismissed.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment [36] filed on July 29, 2013, is **DENIED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Sanders' Motion to Dismiss [39] filed on August 6, 2013, is **GRANTED**, and Plaintiff's claims against Sanders are dismissed.

**SO ORDERED AND ADJUDGED**, this the 4th day of February, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE