UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KONINEDOU FONTA WALKER                                                    PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:12CV301-HSO-RHW

STATE FARM INSURANCE COMPANY et al                                   DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Koninedou Fonta Walker, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging, among other things, that he is entitled to the proceeds from an insurance policy issued by State Farm Insurance Company. Doc. [1]. On October 4, 2012, Plaintiff filed his lawsuit naming as defendants James B. Donaghey, Inc.; FFVA Mutual Insurance Company; QBE Insurance Company; Bradley Sanders (an officer of Donaghey); and State Farm. Plaintiff alleges that on February 26, 2010, while employed by Donaghey, he was involved in a motor vehicle accident that occurred during and in the scope of his employment. Plaintiff was a passenger in a truck owned by Donaghey when a Toyota Camry driven by Faye Montell rear-ended the Donaghey truck. Plaintiff alleges that the accident was caused by a stuck gas pedal on the Camry driven by Montell. According to Plaintiff, the car driven by Montell was insured by State Farm. Plaintiff alleges that he sustained injuries to his neck, shoulder, right ring finger, left upper extremity, and body as a whole as a result of the accident.

At present all of the Defendants have been dismissed from the lawsuit save for State Farm. State Farm has filed a motion to dismiss. Doc. [96]. Also pending before the Court are two motions for declaratory judgment filed by Walker against State Farm. Docs. [78] & [99]. Walker filed his first motion for declaratory judgment against State Farm on December 30, 2013.

This motion was filed prior to State Farm having been served with process. State Farm then filed its answer on January 6, 2014–approximately one week after Walker's first motion for declaratory judgment. Doc. [81]. Consequently, the undersigned finds that Walker's December 30, 2013, motion for declaratory judgment should be denied as premature. The second motion for declaratory judgment, filed on March 10, 2014, is essentially a response to State Farm's motion to dismiss and will be treated as such by the undersigned.

## Law and Analysis

### Standard of Review

State Farm has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Walker's complaint fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

In support of its motion to dismiss, State Farm submitted an affidavit from Kimberly Carson, a representative of State Farm Mutual Automobile Insurance Company. *See* doc. [96-1]. In her affidavit, Carson presented the history of Walker's interactions and communications with State Farm regarding the subject accident and policy. *Id.* In his second motion for declaratory judgment, which is in essence a response to State Farm's motion to dismiss, Walker also submitted documents outside of the pleadings for the Court's consideration. *See* doc. [99-1]. Because the undersigned relies in part on Carson's affidavit and Walker's exhibits in ruling upon

2

State Farm's motion to dismiss, the undersigned will apply the standard for summary judgment motions. *See* Fed. R. Civ. P. 12(d); *Bolen v Dengel*, 340 F.3d 300, 312-13 (5th Cir. 2003).

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary

3

judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

### Third Party Action against Insurance Companies

In its motion, State Farm argues that it has not denied coverage under the subject insurance policy; therefore, Walker cannot maintain a direct or declaratory action against it. Mississippi law prohibits direct actions by third parties against insurance companies, except where the third party brings a declaratory action against an insurer who has denied coverage. *See* Miss. R. Civ. P. 57(2); *See Miss. Municipal Liability Plan v. Jordan*, 863 So. 2d 934, 941-42 (Miss. 2003); *Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964, 967-68 (Miss. 2003). Hence, a third party's lawsuit against an insurer such as State Farm may not proceed if the insurer has not denied coverage. *Id.*

In his complaint, Walker does not specifically allege that State Farm denied coverage, only that it has "not yet awarded any funds from policy" to Walker. *See* doc. [1] at 6. State Farm has presented summary judgment evidence demonstrating that Walker's claim for insurance proceeds in fact has not been denied. In an affidavit, Kimberly Carson recites the history and communications regarding the automobile accident and insurance policy thereby clearing up any ambiguity that may be present in Walker's complaint. *See* doc. [96-1]. Carson states unequivocally that State Farm has not denied coverage, nor has it expressed an intent to deny coverage, with respect to any claims asserted by Walker resulting from the automobile accident of February 26, 2010. *See id.* at 1-2. The record demonstrates that attorneys representing Walker, as well as Walker himself, have communicated with State Farm. *Id.* at 5-25. In response to these communications, State Farm requested additional information of Walker and

his legal representatives. *Id.* Carson's affidavit demonstrates an absence of evidence that State Farm denied coverage for the accident of February 26, 2010.

Walker has failed to present any probative summary judgment evidence to contradict State Farm's evidence. At best the summary judgment evidence demonstrates that Walker employed counsel to investigate his claim and that there has been communication with State Farm regarding the claim; however, there is no summary judgment evidence demonstrating that State Farm ever denied coverage. As exhibits to his second motion for declaratory judgment, Walker included several items which he argues demonstrate that State Farm denied coverage. *See* doc. [99-1]. The first document is a letter dated July 26, 2010, from Cindy Devereaux, a claim representative for State Farm. *Id.* at 1. In that letter, Devereaux acknowledged that Walker's attorney sent a demand package; she pointed out that Walker had a pre-existing clavicle fracture; and she requested additional medical records. Nowhere in the letter did Devereaux state that Walker's claim was denied. The second document is simply an authorization for release of medical records signed by Walker on March 28, 2012. *Id.* at 2. The third document is a letter from Devereaux dated April 17, 2012, requesting that Walker sign the medical authorization form. *Id.* at 3. The fourth and final document is a medical record from Garden Park Medical Center dated February 26, 2010 (the date of the automobile accident). *Id.* at 4. None of these documents indicates that State Farm denied coverage for Walker's injuries. They merely demonstrate that there was an ongoing claim and investigation of the matter. Based on the foregoing, the undersigned concludes that there is no genuine issue of material fact as to whether State Farm denied coverage under the subject policy; therefore, Walker cannot maintain a direct or declaratory action against State Farm. Accordingly, the undersigned finds that Walker's

lawsuit should be dismissed.

### Insufficient and Improper Service of Process

In addition to addressing the merits of Walker's complaint, State Farm argues that it did not receive proper and timely service of process. As the undersigned finds that Walker's complaint fails on the merits, the undersigned declines to address issues related to service of process.

### Motion for Judment on the Pleadings

On May 1, 2014, Walker filed a one-paragraph motion for judgment on the pleadings. Doc. [103]. The motion consists of a single paragraph that cites to Rule 12 (c), and recites the language of the rule. He does not offer any argument or case law in support of the motion. Based on the previous discussion of the motions, arguments, and evidence presented by the parties, the undersigned finds that Walker's motion for judgment on the pleadings should be denied.

### RECOMMENDATION

The undersigned recommends that State Farm's [96] motion to dismiss be granted, that Walker's [78, 99] motions for declaratory judgment be denied, that Walker's [103] motion for judgment on the pleadings be denied, and that Walker's lawsuit against State Farm be dismissed.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made;

the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of May, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE