IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KONINEDOU FONTA WALKER** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CIVIL NO.: 1:12cv301-HSO-RHW** |
| § | | |
| **FFVA MUTUAL INSURANCE** § | | **DEFENDANTS** |
| **COMPANY, JAMES B. DONAGHEY,** § | | |
| **INC., STATE FARM INSURANCE** § | | |
| **COMPANY, QBE INSURANCE** § | | |
| **COMPANY, AND BRADLEY** § | | |
| **SANDERS** § | | |

**ORDER OVERRULING PLAINTIFF'S OBJECTION AND
ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

BEFORE THE COURT is Plaintiff Koninedou Fonta Walker's Objection [106] to the Proposed Findings of Fact and Recommendation [104] of United States Magistrate Judge Robert H. Walker entered on May 2, 2014. Defendant State Farm Insurance Company did not respond to the Objection. Having considered the Objection, the Proposed Findings of Fact and Recommendation, and relevant legal authorities, the Court concludes that the Objection should be overruled, and the Magistrate Judge's Proposed Findings of Fact and Recommendation should be adopted as the opinion of the Court.

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On October 4, 2012, Plaintiff Koninedou Fonta Walker ("Plaintiff") sued FFVA Mutual Insurance Company ("FFVA"), James B. Donaghey, Inc. ("Donaghey"), State Farm Insurance Company ("State Farm"), QBE Insurance Company, and Bradley Sanders ("Sanders") asserting that he suffered work-related

1

injuries in a traffic accident which occurred while Plaintiff was employed by Donaghey. Compl. 4-7 [1]. State Farm's insured, Faye Montell, was the driver of the vehicle that collided with the truck in which Plaintiff was a passenger. Aff. of Kimberly Carson ¶ 3 [96-1]. On December 12, 2013, a Summons [72] was issued as to State Farm, and State Farm was served on December 13, 2013. Proof of Service [90]. On December 30, 2013, Plaintiff moved for a declaratory judgment [78] against State Farm despite the fact that State Farm had not yet appeared in this action. State Farm served its Answer and Affirmative Defenses [81] on January 6, 2014.

On February 4, 2014, the Court adopted [92] the Magistrate Judge's Proposed Findings of Fact and Recommendation granting the Motions to Dismiss filed by FFVA [33] and Donaghey and Sanders [39]. That same day, the Court also adopted [91] the Magistrate Judge's Proposed Findings of Fact and Recommendation [76] denying QBE's Motion to Dismiss [49]. QBE later settled with Plaintiff and was dismissed on March 10, 2014. State Farm is the lone remaining Defendant.

On February 26, 2014, State Farm filed its Motion to Dismiss [96] along with a supporting affidavit [96-1]. State Farm argues that Plaintiff fails to state a claim because there is no evidence that State Farm has denied or intends to deny automobile liability insurance coverage for Ms. Montell related to the accident underlying Plaintiff's Complaint. Mem. Br. in Support of Mot. to Dismiss 2-3 [97].

On March 10, 2014, Plaintiff filed a pleading styled as a Motion for Declaratory Judgment [99], which the Magistrate Judge treated as a response in

opposition to State Farm's Motion to Dismiss.[1]  Plaintiff appears to argue that State Farm has denied insurance coverage since it has taken the position that the injuries of which Plaintiff complains may have been caused prior to the traffic accident at issue.  Mot. for Decl. J. 1.  Plaintiff claims that a medical authorization he signed at State Farm's request indicates he has stated a claim against State Farm.  *Id*.  Plaintiff further maintains that State Farm does not deny that it issued a policy to Ms. Montell.  *Id*. at 2.  Plaintiff concludes by requesting that State Farm's "motion to dismiss . . . be denied."  *Id*.

On May 2, 2014, the Magistrate Judge recommended [104] that Plaintiff's Motions be denied and that State Farm's Motion to Dismiss be granted.  The Magistrate Judge reasoned that Plaintiff's December 30, 2014, Motion for Declaratory Judgment [78] should be denied as premature because it was filed prior to State Farm being served.  *Id*. at 2.  The Magistrate Judge also recommended denial of Plaintiff's March 10, 2014, Motion for Declaratory Judgment [99] because this pleading was in substance a response in opposition to State Farm's Motion to Dismiss.  *Id*.  The Magistrate Judge further concluded that Plaintiff's Motion for Judgment on the Pleadings [103] should be denied.  *Id*. at 6.  The Magistrate Judge treated State Farm's Motion to Dismiss [96] as one for summary judgment and recommended it be granted based on the evidence submitted by State Farm, which demonstrated that State Farm had not denied coverage related to the traffic accident underlying Plaintiff's claim.  Without evidence of a denial of coverage or an

---

[1] Plaintiff also filed a Motion for Judgment on the Pleadings [103] on May 1, 2014, but the Motion was simply a *verbatim* recitation of the text of Rule 12(c) of the Federal Rules of Civil Procedure.

indication that coverage would be denied, Plaintiff has no direct claim against State Farm. *Id.* at 4-6.

Plaintiff objects to the Magistrate Judge's recommendation, contending that Rule 12(b) of the Federal Rules of Civil Procedure does not challenge "the actual existence of a meritorious claim[,]" that he has a direct claim against State Farm because it denied insurance coverage related to the underlying traffic accident, and that State Farm's Motion to Dismiss should be denied for the same reason that QBE's Motion to Dismiss was denied. Objections to R&R 1-2. Plaintiff also suggests that State Farm did not send him "any motions or responses . . . ." *Id.*

The Court finds that the Proposed Findings of Fact and Recommendation [104] are well reasoned, correctly find the applicable facts, and correctly apply the governing legal standards. For the reasons that follow, the Court will overrule Plaintiff's Objection [106] and adopt the Proposed Findings of Fact and Recommendation as the Court's opinion. Plaintiff's Motions for Declaratory Judgment [78] [99] will be denied, Plaintiff's Motion for Judgment on the Pleadings [103] will be denied, and State Farm's Motion to Dismiss [96] will be granted.

## II. DISCUSSION

A.  Standard of Review

Because objections have been filed to the Magistrate Judge's Proposed Findings of Fact and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also*

*Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

B.  Analysis

    1.  Plaintiff's December 30, 2013, Motion for Declaratory Judgment [78]

The Magistrate Judge recommended that Plaintiff's December 30, 2013, Motion for Declaratory Judgment be denied as premature because the Motion was filed before State Farm was served. Proposed Findings of Fact and Recommendation 2. Plaintiff's Objection does not address the Magistrate Judge's conclusion on this point. Plaintiff only generally claims that he is entitled to a declaratory judgment because State Farm allegedly denied insurance coverage. Objections to R&R 1-2. This generalized objection need not be considered by the Court and is precluded for the same reasons underlying the Court's decision to adopt the Magistrate Judge's recommendation that State Farm's Motion to Dismiss be granted. *See Battle*, 834 F.2d at 421. Plaintiff's Objection is not well taken and should be overruled.

      2.     <u>Plaintiff's March 10, 2014, Motion for Declaratory Judgment [99]</u>

The Magistrate Judge correctly treated Plaintiff's March 10, 2014, Motion for a Declaratory Judgment [99] as a response in opposition to State Farm's Motion to Dismiss. Proposed Findings of Fact and Recommendation 2. Plaintiff's March 10, 2014, Motion claims that Plaintiff has stated a claim against State Farm and asserts that if he had not, then he would not be in possession of various documents previously sent to him by State Farm. Mot. for Declaratory J. 1-2 [99]. Plaintiff requests that State Farm's Motion to Dismiss be denied. *Id*. at 2. These arguments are responsive to State Farm's Motion to Dismiss and are each addressed by the Court's decision to adopt the Magistrate Judge's recommendation as to State Farm's Motion to Dismiss. The Court finds that to the extent Plaintiff objects to the Magistrate Judge's recommendation that his March 10, 2014, Motion for Declaratory Judgment [99] should be denied and treated as a response in opposition to the Motion to Dismiss, the Objection is not well taken and should be overruled.

      3.     <u>Plaintiff's Motion for Judgment on the Pleadings [103]</u>

Plaintiff's Objection does not address the Magistrate Judge's recommendation that the Motion for Judgment on the Pleadings be denied. "[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle*, 834 F.2d at 421 (citations omitted). At most, Plaintiff generally objects to the Magistrate Judge's recommendation that the Motion for Judgment on the Pleadings be denied. This general objection is not well taken and should be overruled. *Id.*

6

      4.      <u>State Farm's Motion to Dismiss [96]</u>

Plaintiff primarily objects to the Magistrate Judge's recommendation that State Farm's Motion to Dismiss be granted because in his view State Farm has denied coverage of Plaintiff's claim against Ms. Montell. Objections to R&R 1-2. The Court is of the opinion that Plaintiff has failed to put forward any evidence suggesting the existence of a dispute of material fact related to whether State Farm has denied insurance coverage. The record evidence makes unambiguously clear that State Farm has neither denied nor expressed an indication that it will deny coverage. *See* Aff. of Kimberly Carson ¶ 5 and accompanying exhibits [96-1]. As a result, Plaintiff is precluded from bringing a direct action for insurance proceeds against State Farm. *See, e.g.*, *Mississippi Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 942 (Miss. 2003) (noting that unless an insurer either denies coverage or indicates that it will deny coverage, a direct action will not lie).

Plaintiff also seems to object to the Magistrate Judge's consideration of the merits of his claim. Objections to R&R 1. The Magistrate Judge specifically treated the Motion as one for summary judgment because State Farm attached documentation outside the pleadings which the Magistrate Judge relied upon in resolving the Motion. Proposed Findings of Fact and Recommendation 2-3. This approach was appropriate. *See, e.g.*, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c).").

Plaintiff contends that he was never sent "any motions or responses [State Farm] made to the [C]ourt." Objections to R&R 2. This contention is refuted by Plaintiff's March 10, 2014, Motion for Declaratory Judgment, in which he makes arguments in response to State Farm's Motion to Dismiss. Even if the Court were to credit Plaintiff's contention notwithstanding the statements in his March 10, 2014, Motion for Declaratory Judgment, Plaintiff's objection afforded him the opportunity to submit evidence supporting his contention that State Farm has denied the insurance coverage at issue. Plaintiff, however, has not submitted any such evidence.

Plaintiff's final argument that State Farm's Motion to Dismiss should be denied for the same reasons that QBE's Motion to Dismiss was denied is equally unavailing. In recommending denial of QBE's Motion to Dismiss, the Magistrate Judge concluded that "QBE has not presented any evidence, through affidavit or otherwise, to establish that there has been no denial of coverage." Proposed Findings of Fact and Recommendation 3 [76]. State Farm, by contrast, has attached evidence demonstrating that Plaintiff's claim has yet to be denied. Hence, the previous denial of QBE's Motion to Dismiss is not relevant here. For these reasons, Plaintiff's Objection to the Magistrate Judge's recommendation that State Farm's Motion to Dismiss be granted is not well taken and should be overruled.

III. CONCLUSION

After a thorough review and consideration of the parties' submissions, the Proposed Findings of Fact and Recommendation, Plaintiff's Objection, and the

8

record as a whole, the Court finds that Plaintiff's Objection is not well taken or supported by the record and should be overruled. The Court concludes that the Magistrate Judge's Proposed Findings and of Fact and Recommendation should be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Objection [106] to the Proposed Findings and of Fact and Recommendation [104] entered on May 2, 2014, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Proposed Findings and of Fact and Recommendation [104] of United States Magistrate Judge Robert H. Walker entered on May 2, 2014, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motions for Declaratory Judgment [78] [99] are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Judgment on the Pleadings [103] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that State Farm's Motion to Dismiss [96] is **GRANTED** and his claims against State Farm are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 13th day of June, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE